1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    JONATHAN RANGEL,                          Case No.  21-cv-00278-JSC

8              Plaintiff,
                                               **ORDER OF SERVICE**
9        v.

10   V. WILLIAMS, et al.,

11             Defendants.

12                              **INTRODUCTION**

13       Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. §

14   1983 against officials at Salinas Valley State Prison.[1]  Plaintiff's application to proceed *in forma*

15   *pauperis* is granted in a separate order.  For the reasons explained below, the complaint is ordered

16   served upon Defendants.

17                             **STANDARD OF REVIEW**

18       Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

20   1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

21   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

22   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

23   § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

24   F.2d 696, 699 (9th Cir. 1990).

25       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

27

28   [1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §
     636(c).  (ECF No. 3.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

2    which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to

3    state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

4    provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

5    formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must

6    be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

7    127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to

8    state a claim for relief that is plausible on its face."  *Id.* at 1974.

9        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

10   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

11   violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

12   42, 48 (1988).

## LEGAL CLAIMS

13       Plaintiff's allegations that Nurses Vitella Williams and Augusto Pascual, Dr. Duc Nguyen,

14   and Gregory Padilla caused him to wait 45 days to get an x-ray of his broken finger and 60 days to

15   get surgery.  These allegations, when liberally construed, state a cognizable claim for deliberate

16   indifference to Plaintiff's serious medical needs, in violation of his Eighth Amendment rights.

## CONCLUSION

17       For the foregoing reasons,

18       1.       The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form

19   and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate

20   Judge jurisdiction consent form, a copy of the complaint with attachments, and a copy of this

21   order on **Registered Nurse Vitella Williams, Registered Nurse Augusto Pascual, Dr. Duc

22   Nguyen, and Chief Executive Officer Gregory Padilla** at Salinas Valley State Prison.

23       The Clerk shall also send a courtesy copy of the Magistrate Judge jurisdiction consent

24   form, the complaint with all attachments and a copy of this order to the California Attorney

25   General's Office.

26       2.       Defendants shall complete and file the Magistrate Judge jurisdiction consent form

United States District Court
Northern District of California

1    within the deadline provided on the form.  They shall also file an answer in accordance with the

2    Federal Rules of Civil Procedure.

3        3.      To expedite the resolution of this case:

4            a.  No later than **91** days from the date this order is issued, Defendants shall file a

5    motion for summary judgment or other dispositive motion.  The motion shall be supported by

6    adequate factual documentation and shall conform in all respects to Federal Rule of Civil

7    Procedure 56, and shall include as exhibits all records and incident reports stemming from the

8    events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary

9    judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

10   All papers filed with the Court shall be promptly served on Plaintiff.

11           b.  At the time the dispositive motion is served, Defendants shall also serve, on a

12   separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th

13   Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

14           c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

15   Court and served upon Defendants no later than **28 days** from the date the motion is filed.

16   Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him

17   pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

18           d.  Defendants shall file a reply brief no later than **14** days after the opposition is

19   filed.

20           e.  The motion shall be deemed submitted as of the date the reply brief is due.  No

21   hearing will be held on the motion unless the Court so orders at a later date.

22       5.      All communications by Plaintiff with the Court must be served on Defendants or

23   their counsel once counsel has been designated, by mailing a true copy of the document to

24   Defendants or their counsel.

25       6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

26   No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

27   parties may conduct discovery.

28       7.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

3

1    informed of any change of address by filing a separate paper with the clerk headed "Notice of

2    Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to

3    do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

4    Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a

5    showing of good cause if the request is filed prior to the deadline.

6         **IT IS SO ORDERED.**

7    Dated: February 5, 2021

9                                           _Jacqueline Scott Corley_

10                                JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

4