UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RANGEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>V. WILLIAMS, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-00278-JSC<br><br>**ORDER DENYING MOTIONS TO COMPEL; GRANTING IN PART AND DENYING IN PART MOTIONS FOR EXTENSIONS OF TIME**<br><br>(ECF Nos. 27, 31, 32, 34, 36) |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action against prison officials under 42 U.S.C. § 1983. He previously filed a motion under Rule 37 of the Federal Rules of Civil Procedure to compel Defendants to produce documents. (ECF No. 18.) The motion was denied because he had failed to meet and confer with defense counsel, and because he filed it prior to receiving and reviewing the documents that Defendants timely produced in response to his discovery request. (ECF No. 21.)[1] Plaintiff has filed two more motions to compel.

First, he filed a motion to compel answers to his interrogatories. (ECF No. 27.) Prior to filing a motion to compel, Plaintiff must meet and confer with defense counsel in a good faith attempt to resolve their disputes. *See* Fed. R. Civ. P. 37(a)(1); L.R. 37-1. He purports to have met with defense counsel on July 14, 2021 (ECF No. 27 at 2), which was before Defendants timely served their response to the interrogatories, on July 23, 2021 (ECF No. 33-1, Exhs. C-F). As he had not yet received, let alone reviewed, the answers to his interrogatories when he met with defense counsel, that meeting was not a good faith discussion about the interrogatory responses. Plaintiff's motion is also insufficient

---

[1] Plaintiff's motion for reconsideration of the denial of his motion to compel was also denied. (ECF No. 24.)

because it simply discredits the interrogatory responses generally; it does not explain which or why any specific response was deficient.  This motion to compel is DENIED.

Plaintiff's other pending motion to compel seeks to compel the production of documents. (ECF No. 32.)  Defendants produced 2,301 documents.  (ECF No. 35-1 at 3.)  On May 19, 2021, they produced nearly 2000 documents, and after defense counsel met and corresponded with Plaintiff, Defendants produced supplemental documents on August 26, 2021.  (ECF No. 19-1 at 1; 35-1 at 3, Exh. A.)  In addition, on September 17, 2021, Defendants sent Plaintiff a privilege log for the documents that were withheld or redacted.  (ECF No. 35-1 at 5, Exh. C.)  Plaintiff's motion is premature because he filed it on August 23, 2021, before Defendants produced the supplemental documents and privilege log.  At least some of the documents he seeks in the motion were included in the supplemental production, and it appears that Defendants may still be looking for documents that they intend to produce.[2]  This motion to compel is premature because he filed it before receiving or reviewing the supplemental production of documents or Defendants' privilege log.  Consequently, the motion to compel the production of documents is DENIED.

The parties shall proceed with Plaintiff's discovery requests as follows: On or before October 22, 2021, Defendants shall provide Plaintiff a final response to his discovery requests, including any further production of documents.  Following such response, the parties shall meet and confer to attempt in good faith to resolve any outstanding discovery disputes.  If the parties cannot do so, Plaintiff may file a motion to compel on or before November 14, 2021.  In his motion, Plaintiff must identify the specific discovery response(s) that remain in dispute, and he must explain why any asserted objection or privilege does not apply.  Defendants shall file an opposition within 14 days of the date the motion is filed, and Plaintiff may file a reply brief within 14 days of the date the opposition is filed.  The parties have not established cause to impose sanctions.

Plaintiff's motions to extend time to file a reply brief are GRANTED.[3]

---

[2] For example, Defendants indicate that they requested Plaintiff's x-rays from Plaintiff's health care provider, but as of September 8, 2021, had not yet received them.  It is not clear from the papers whether they have received or produced them yet.

[3] Plaintiff indicated that he would file a reply brief by October 1, 2021.  No reply has been received.  Plaintiff may make any arguments about discovery disputes in the motion to compel scheduled above.

Plaintiff's motion for an extension of time to file an opposition to Defendants' motion to dismiss is GRANTED. His opposition is due on or before November 4, 2021. Defendants **shall** file a reply brief within 14 days of the date any opposition is filed. Any outstanding discovery dispute will not be considered cause for extending the briefing schedule on the motion to dismiss because the motion only concerns the contents of the Complaint and its attachments.[4]

**IT IS SO ORDERED.**

Dated: October 14, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[4] Plaintiff has written a letter referencing the above motions and also a motion to compel a subpoena and a request for additional interrogatories. (ECF No. 37.) The Court has not received the latter two.