UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RANGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>V. WILLIAMS, et al.,<br><br>    Defendants. | Case No. 21-cv-00278-JSC<br><br>**ORDER ON PENDING MOTIONS**<br><br>(ECF Nos. 69, 70, 71) |

Plaintiff, a California prisoner proceeding without an attorney, has filed a motion for appointment Dr. Thomas Zewert, one of one of the doctors who treated him, as an expert medical witness pursuant to Rule 706 of the Federal Rules of Evidence. Rule 706 provides:

> (a) Appointment Process. On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.
> …
> (c) Compensation. The expert is entitled to a reasonable compensation, as set by the court. The compensation is payable as follows:
> (1) in a criminal case or in a civil case involving just compensation under the Fifth Amendment, from any funds that are provided by law; and
> (2) in any other civil case, by the parties in the proportion and at the time that the court directs — and the compensation is then charged like other costs.
> …

Plaintiff has not shown that Defendants have agreed to the appointment of Dr. Zewert or that Dr. Zewert has consented to such appointment. In addition, Plaintiff has indicated that he cannot afford to pay any of the expert's fees, as required under Rule 706(c)(2). Plaintiff also requests appointment of Dr. Zewert so that he can depose him. Dr. Zewert need not be appointed in order to be deposed. Plaintiff may depose non-party witnesses, such as Dr. Zewert, and to the extent

Plaintiff is unable to depose him in person, Plaintiff may depose him in writing. *See* Fed. R. Civ. P. 31. Plaintiff's motion is DENIED.

Plaintiff has filed a motion to stay the motion for summary judgment. His opposition deadline was recently extended to April 1, 2023. (ECF No. 68.) He has not justified a stay of any more length. In this motion, Plaintiff also requests to speed up discovery by shortening Defendants' time to respond to interrogatories from 30 days to 21 days, and not requiring the parties to meet and confer prior to filing a motion to compel. In light of the lengthy delays in briefing the summary judgment motion, the parties shall respond to interrogatories within 21 days of service unless they can show cause for needing more time. The meet and confer requirement remains in place because it allows the parties to save time by resolving differences without a motion. In sum, the motion for a stay is GRANTED IN PART and DENIED IN PART.

Plaintiff has filed a motion to "strike" his deposition because Defendants did not have leave of court to conduct it. They did. (ECF No. 4 at 3 ¶6.) He also argues that the deposition testimony cited by Defendants in their summary judgment is irrelevant and does not justify granting summary judgment. Such arguments are appropriate in his opposition to the summary judgment motion and do not warrant striking the deposition altogether. Plaintiff's motion to strike is DENIED.

This order disposes of docket numbers 69, 70, 71.

**IT IS SO ORDERED.**

Dated: February 3, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

2