UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RANGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>V. WILLIAMS, et al.,<br><br>    Defendants. | Case No. 21-cv-00278-JSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; SETTING DEADLINES FOR BRIEFING ON MOTIONS TO COMPEL AND SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 74 |

Plaintiff, a California prisoner proceeding without an attorney, has filed a motion for reconsideration of the order denying his motion to strike his deposition in order to prevent a "manifest injustice." (ECF Nos. 72, 74.)

Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the

emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.

Plaintiff argues that his deposition should be stricken because Defendants did not make the changes he wanted to his transcript. The Court is aware of no authority that Defendants have a legal obligation to make such changes. Moreover, the Court has a copy of Plaintiff's changes as well as the transcript (ECF No. 76-1), and Plaintiff may assert any further changes he believes are warranted in his opposition to the motion for summary judgment. (ECF No. 76-1.) Accordingly, the Court finds no grounds for reconsideration of the order denying his motion to strike the deposition, and the motion for reconsideration is DENED.

Defendants shall file an opposition to Plaintiff's motion to compel on or before March 29, 2023. Plaintiff shall file a reply brief on or before April 12, 2023. The deadline for his opposition to the summary judgment is extended to, and including May 12, 2023. The reply brief is due on or before May 26, 2023.

This order disposes of docket number 74.

**IT IS SO ORDERED.**

Dated: March 22, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge