UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RANGEL,<br><br>Plaintiff,<br><br>v.<br><br>V. WILLIAMS, et al.,<br><br>Defendants. | Case No. 21-cv-00278-JSC<br><br>**ORDER TO UPDATE ADDRESS AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983. On October 17, 2023, the most recent order was mailed to him with the prisoner number and address he provided to the Court on July 5, 2023.[1] (ECF Nos. 81, 82, 83.) On October 26, 2023, the order was returned by the postal service because the mail could not be delivered to him at the address and with the number he provided. (ECF No. 84.) Plaintiff has not filed an opposition to Defendants' motion for summary judgment despite having requested, and received, an extension of time to do so (ECF No. 83); nor has he made contact with the Court in more than six months.

Pursuant to Northern District Civil Local Rule 3-11, a party proceeding without attorney representation (pro se) whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. Civ. L.R. 3-11(a). The court may, without prejudice, dismiss a complaint when: (1) mail directed to the pro se party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within 60 days of this return a written communication from the pro se party indicating a current address. Civ. L.R. 3-11(b); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th

---

[1] The order granted in part and denied in part Plaintiff's motion to compel and granted him an extension of time to oppose Defendants' motion for summary judgment. (ECF No. 83.)

Cir. 1988) (affirming dismissal with prejudice of pro se prisoner's complaint for failing to notify court of his change of address despite local rule providing that case be dismissed without prejudice because any lesser sanction would impose affirmative obligation for district courts to track down pro se prisoners).

In addition, Federal Rule of Civil Procedure 41(b) allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court." A district court may sua sponte dismiss an action pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). But such a dismissal should be only when the failure to comply is unreasonable. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). Plaintiff was ordered to keep the Court informed of any address change and cautioned that any failure to do so may result in the dismissal of this case under Rule 41(b). (ECF No. 5 at 3-4 ¶ 7.)

Within 28 days of the date this order is filed, Plaintiff shall: (1) provide a current valid mailing address and any identification number necessary for him to receive mail; **and** (2) show cause why this case should not be dismissed under Civil Local Rule 3-11 or Rule 41(b). **The failure to do so will result in the dismissal of this case.**

**IT IS SO ORDERED.**

Dated: January 17, 2024

JACQUELINE SCOTT CORLEY
United States District Judge